# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK F. WHELAN, JR. and MADELINE WHELAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEBSTER FINANCIAL CORPORATION dba WEBSTER BANK,<br><br>Defendant. | Case No. 3:23-cv-00567-SVN |
| JUSTIN FRIAR, PAUL COUREY, RAYNA FEDORCZYK, and MARIA MELO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEBSTER FINANCIAL CORPORATION, WEBSTER BANK, N.A.,<br><br>Defendant. | Case No. 3:23-cv-00628-JCH |
| PERRY BAKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEBSTER FINANCIAL CORPORATION, WEBSTER BANK, N.A.,<br><br>Defendants. | Case No. 3:23-cv-00666-JAM |

| | |
|---|---|
| BRUCE SYPNIEWSKI and CECILIA SYPNIEWSKI, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>      v.<br><br>WEBSTER FINANCIAL CORPORATION, WEBSTER BANK, N.A.,<br><br>       Defendants. | Case No. 3:23-cv-00680-SVN |

## MOTION FOR ORDER GRANTING CONSOLIDATION AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs, Frederick F. Whelan, Jr., Madeline Whelan, Justin Friar, Paul Courey, Rayna Fedorczyk, Maria Melo, Perry Baker, Bruce Sypniewski, and Cecili Sypniewski jointly move this Court for an order consolidating the four above-captioned putative class actions, *Whelan et al. v. Webster Financial Corp.*, 3:23-cv-00567-SVN (D. Conn.) ("*Whelan*"), *Friar et al. v. Webster Financial Corp.*, 3:23-cv-00628-JCH (D. Conn.) ("*Friar*"), *Baker v. Webster Financial Corp.*, 3:23-cv-00666-JAM (D. Conn.) ("*Baker*"), and *Sypniewski v. Webster Financial Corp.*, 3:23-cv-00680-SVN (D. Conn) ("*Sypniewski*") (the "Related Cases"). Additionally, Plaintiffs jointly move that the Court appoint Raina Borrelli of Turke & Strauss LLP, Ian Sloss of Silver Golub & Teitell LLP, James Pizzirusso of Hausfeld LLP, and Brian C. Gudmundson of Zimmerman Reed LLP as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). [1]

---

[1] Counsel for Defendant does not oppose Plaintiffs' motion to consolidate and takes no position on Plaintiffs' motion to appoint Interim Co-Lead Class Counsel.

## MEMORANDUM IN SUPPORT OF MOTION

Consolidation and the early appointment of interim class counsel will promote the interests of judicial efficiency and will reduce duplication in discovery and litigation and serve the interests of judicial economy. These four pending matters have all been brought on behalf of individuals making claims against Defendants for allowing the disclosure of their personally identifiable information (PII) in a 2022 data breach ("Security Incident") and raise the same questions of law and fact. Judicial economy therefore weighs heavily in favor of consolidation. Moreover, Plaintiffs' counsel in the Related Cases have self-organized to ensure that these cases are prosecuted in a unified and efficient manner and Raina Borrelli of Turke & Strauss LLP, Ian Sloss of Silver Golub & Teitell LLP, James Pizzirusso of Hausfeld LLP, and Brian C. Gudmundson of Zimmerman Reed LLP are well-qualified to serve as Interim Co-Lead Class Counsel, pursuant to Federal Rules of Civil Procedure Rule 23(g)(3). Plaintiffs' motion should be granted.

## BACKGROUND

The Related Cases arise from a Security Incident in Defendant's network from approximately November 27, 2022 until January 22, 2023, in which unauthorized individuals gained access to Defendant's customers' information. Plaintiffs Frederick Whelan, Jr. and Madeline Whelan filed the first-filed case (*Whelan*) on May 3, 2023. On May 15, 2023, the *Friar* action was filed, followed by the *Baker* action on May 22, 2023. These cases are each currently assigned to different judges in this district.

Both prior to and since filing the *Whelan*, *Friar, Baker*, and *Sypniewski* actions, Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson have taken proactive steps to investigate the Security Incident, including but not limited to communicating with potential Class Members,

reaching out to and coordinating with other attorneys, performing substantial research and contacting the Defendant to discuss waiving service and coordination of efforts among Plaintiffs' counsel. Now, in the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Interim Co-Lead Class Counsel, pursuant to Federal Rules of Civil Procedure Rule 23(g)(3).

## LEGAL ARGUMENT

The Related Cases, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Security Incident and including common questions of law and fact[2], should be consolidated into one substantively unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplication in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

Likewise, the appointment of Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson as Interim Co-Lead Class Counsel under Rule 23(g)(3) will support the unified and efficient prosecution of the consolidated actions, as set forth below.

### I.      The Court Should Consolidate The Related Cases

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). Courts have broad discretion to consolidate cases pending in the same district under Rule 42(a). *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The Court may consolidate actions for trial to avoid unnecessary costs or delay… or to expedite trial and eliminate unnecessary repetition and

---

[2] Defendant does not oppose this consolidation pursuant to Fed. R. Civ. P 42(a), but nothing in this motion should or will be construed against Defendant to suggest that any of the cases should be certified as a class action pursuant to Fed. R. Civ. P 23 or any other law or statute.

confusion." *Nazario v. Thibeault*, No. 3:21-cv-216-VLB, 2022 U.S. Dist. LEXIS 38331, at *17 (D. Conn. Mar. 4, 2022) (quoting *Johnson*, 899 F.2d at 1284, and *Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted). "Consolidation under Rule 42(a) should be prudently employed as a valuable and important tool of judicial administration." *Moran v. Tesei*, No. 3:19-cv-722 (VAB), 2023 U.S. Dist. LEXIS 87853, at *41 (D. Conn. May 19, 2023) (cleaned up) (quoting *Devlin*, 175 F.3d at 130).

Federal courts have often recognized that class actions, such as those involved here, "are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS(JLB), 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014). Other benefits of consolidation are that it "facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id*

"Considerations of judicial economy favor consolidation," although the court should consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Nazario*, 2022 U.S. Dist. LEXIS 38331, at *17 (quoting *Johnson*, 899 F.2d at 1284, 1285).

Where two or more actions against the same defendants share key factual and legal questions—including, as here, where the actions arise from the same Security Incident— consolidation under Rule 42(a) is warranted. *Pule v. Careco Shoreline, Inc.*, No. 3:19-cv-1549 (VAB), 2019 U.S. Dist. LEXIS 245319, at *9 (D. Conn. Nov. 21, 2019) (granting motion to consolidate where cases involves the same questions of law and fact). Each of the Related Actions

is brought on behalf of current and former customers of Defendants whose PII may have been impacted by the Security Incident. *See generally Whelan*, Doc. 1; *Friar*, Doc. 1; *Baker*, Doc. 1; *Sypniewski*, Doc. 1. Additionally, each of the Related Cases assert similar causes of action against Defendants, including negligence, declaratory judgment, invasion of privacy, breach of contract, and state consumer fraud claims. *See id.* Although the *Friar* case asserts claims on behalf of Connecticut and Massachusetts subclasses in addition to a nationwide class of victims of the Security Incident, minor differences in class definition do not defeat the purposes of consolidation. *See, e.g. Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *6 (S.D.N.Y. Apr. 24, 2014) (consolidation is appropriate where the class definitions "sufficiently overlap"). Consolidating the Related Cases—and any later filed or removed cases—will streamline and organize this litigation, allowing the Court to efficiently resolve the nearly identical legal and factual issues.

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. No responsive pleadings have been filed in any of the Related Cases.

Consolidation will allow the parties to avoid duplication during discovery since the Related Cases will involve the same relevant documents and the same individuals from the Defendants will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice. *See, e.g. Kelleher v. ADVO, Inc.*, No. 3:06CV01422(AVC), 2007 U.S. Dist. LEXIS 30309, at *5 (D. Conn. Apr. 24, 2007) (consolidating class action cases that involved common questions of law and fact).

Because consolidation here serves the interest and convenience of both the parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases.

## II.    The Court Should Appoint Interim Co-Lead Class Counsel

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual"), § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id.* Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson seek appointment of Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)–which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Here, as discussed above, the Related Cases currently pending are overlapping and duplicative, and additional cases are not unlikely. Plaintiffs seek the appointment of Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson as Interim Co-Lead Class Counsel for Plaintiffs in the proposed consolidated action.

The Committee Notes to the 2003 Amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

*See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Designating interim lead counsel as is being requested here clarifies responsibility for protecting the interests of the class during precertification activities, such as bringing and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement. MCL § 21.11 (4th ed. 2004). The rule provides that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(2)." The rule also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23(g) advisory committee's note; *see also Southeast Mo. Hosp. v. C.R. Brand, Inc.*, No. 1:07-CV-0031-TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant") (citations omitted).

In cases like this, the appointment of interim lead counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed Class and assures defense counsel that they are dealing with the correct representatives of the proposed class. *See* MCL § 21.11. Appointment of interim lead counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. *See Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation). By appointing the proposed interim lead class counsel now, this Court will forestall potential future inefficiency or leadership clashes and will ensure that Class Members' interests are protected by capable counsel in this matter and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage in the

litigation will allow the various firms to focus their efforts on the litigation and efficiently represent the putative Class.

Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at class certification stage. Here, as discussed below, the attorneys seeking appointment as Interim Co-Lead Class Counsel satisfy the considerations under Rule 23(g).

### A. Proposed Interim Co-Lead Class Counsel have Performed Substantial Work in Investigating this Action

The first factor for consideration under Rule 23(g)(1) is the work done to date identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). The law firms of each of the proposed Interim Co-Lead Class Counsel, Turke & Strauss LLP, Silver Golub & Teitell LLP, Hausfeld LLP, and Zimmerman Reed LLP moved quickly to investigate the Security Incident independently and initiated the present cases. Through their separate efforts, Proposed Interim Co-Lead Class Counsel were each able to uncover the key details of the Security Incident needed to move forward with this case. Indeed, Proposed Interim Co-Lead Class Counsel have already dedicated meaningful resources to investigating the facts and researching the legal basis for liability. Proposed Interim Co-Lead Class Counsel investigated the facts surrounding the Security Incident, including its cause, Defendant's public statements regarding the events surrounding the Security Incident, potential and actual damages from the Security Incident and consumer experiences concerning information compromised in the breach. they have also devoted significant

time to researching the claims and related law arising out of the Security Incident. *Stewart v. Practice Res., LLC*, No. 6:22-CV-0890 (LEK/DJS), 2022 U.S. Dist. LEXIS 211127, at *10 (N.D.N.Y. Nov. 22, 2022) (finding that where proposed interim class counsel engaged in these same types of activities, it weighed in favor of appointment under Rule 23(g)).

Proposed Interim Co-Lead Counsel continue to perform substantial work that has been and will continue to be valuable to the Class as the case moves forward. This work includes but is not limited to: (a) reviewing consumer complaints concerning the Security Incident; (b) ongoing communications with putative Class Members; (c) continued investigation of the Security Incident, the scope of its consequences, and Defendant's public disclosures regarding the same; (d) research into viable legal theories to be brought and filed against Defendants and possible defenses thereto; (e) research and discussion about retention of potential experts; and (f) coordination with Defendant's counsel to ensure the efficient progress of the litigation.

Proposed Interim Co-Lead Class Counsel have conducted all of the work necessary to investigate Plaintiffs' claims and launch the prosecution of this litigation and they continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Class.

## B. Proposed Interim Co-Lead Class Counsel Have Relevant Experience and Knowledge of the Applicable Law

Proposed Interim Co-Lead Class Counsel are well-qualified. Indeed, they and their respective firms have a track record of successfully litigating and resolving consumer class actions, including data breach and other complex cases. *See, e.g. Granata,* 2022 U.S. Dist. LEXIS 43347, at *23 (appointing interim class counsel where "[i]t is clear that [counsel has] experience litigating in, and knowledge of, the applicable areas of the law"); *see also Stewart*, 2022 U.S. Dist. LEXIS 211127, at *11 (in a data breach case, appointing counsel that has "recently led data breach class actions…"); *see also  In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D.

Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed
counsel's "experience in, and knowledge of, the applicable law in this field).

      **1.   Ms. Borrelli is Qualified to Serve as Interim Co-Lead Class Counsel**

Turke and Strauss is a law firm in Madison, Wisconsin, that focuses on complex civil and
commercial litigation with an emphasis on consumer protection, employment, wage and hour,
business, real estate, and debtor-creditor matters. Raina Borrelli is a partner at Turke & Strauss
LLP whose practice focuses on complex class action litigation, including data breach, Telephone
Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state
and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the
University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was
a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal
and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the
Federal Bar Association, where she has assisted in the representation of pro se litigants though the
Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star"
Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly
certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020)
for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has
been substantially involved in a number of complex class action matters in state and federal courts
including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v.
Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*,
16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter
& Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.);
*Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371

(M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

Raina Borrelli and Turke & Strauss are well-qualified to serve as Interim Co-Lead Class Counsel in this matter. Additional information regarding Ms. Borrelli and Turke & Strauss is detailed in the Turke & Strauss firm resume, attached as **Exhibit 1.**

### 2. Mr. Sloss is Qualified to Serve as Interim Co-Lead Class Counsel

Silver Golub & Teitell LLP ("SGT") is a Connecticut law firm committed to Plaintiffs' litigation with offices in Stamford, New Haven, Hartford, and Waterbury, Connecticut. SGT undertook its first class action in 1983 successfully representing a nationwide class of 40,000 Xerox Corp. pensioners and, in the 1990's served as private lead counsel for the State of Connecticut in its sovereign enforcement action against the American tobacco industry, recovering $3.9 billion for Connecticut, with $370 million coming via special award from a panel of former Attorneys General in recognition of the contribution of Connecticut's SGT-led legal team in helping to achieve the national settlement. *See State of Connecticut v. Philip Morris, Inc., et al.*, No. X02-CV-960148414S. And in 2016, SGT obtained a $250+ million settlement on behalf of Connecticut public sector union employees fired in violation of their First Amendment rights of free speech and association. *See SEBAC v. Rowland*, 3:03-cv-00221 (D. Conn.) (J. Covello).

Ian W. Sloss is a partner in SGT and is co-manager of SGT's Complex Litigation & Class Action Practice Group, which represents consumers and investors in data privacy, consumer protection, securities, antitrust, and environmental matters, among others. Mr. Sloss recently served as co-lead counsel on behalf of institutional and individual investors who were part of a group of investors defrauded in a $5+ billion scheme by Allianz Global Investors U.S. LLC ("AllianzGI"). As co-lead counsel in *Jackson v. Allianz Global Investors*, Index No. 651233/2021 (N.Y.S.) (J. Borrok), Mr. Sloss and SGT achieved a $145 million settlement on behalf of investors in AllianzGI-managed mutual funds. Mr. Sloss and SGT also served as co-lead counsel in *In re Allianz Global Investors Structured Alpha Litigation*, No. 20-cv-07154 (S.D.N.Y.) (J. Failla) where, after AllianzGI's motion to dismiss was denied in substantial part, AllianzGI settled with SGT's clients and other dozens of other investors on individual bases.

Mr. Sloss has significant experience in data privacy litigation. For example, Mr. Sloss currently serves as court-appointed co-lead counsel in *In re Nelnet Servicing, LLC*, 4:22-cv-03181-JMG-CRZ, a data breach where 2.5 million student loan borrowers' sensitive personal and financial information was compromised. In appointing Mr. Sloss and SGT as co-lead counsel, the court singled out Mr. Sloss' and SGT's "pre-litigation planning" and commitment to limiting "expense and delay for the named plaintiffs, the putative class members, the defendants, and the court" as reasons why Mr. Sloss and SGT were "the best choice for representing the interests of all putative class members." *In re Nelnet Servicing, LLC*, No. 4:22CV3181, 2023 WL 1108253, at *5 (D. Neb. Jan. 30, 2023). And Mr. Sloss is also leading SGT's efforts in class action litigation against Google, YouTube, and a group of YouTube channel owners alleging they illegally used persistent identifiers to collect data and track children's online behavior surreptitiously and without consent on Google's YouTube platform. *Hubbard v Google,* No. 19- (N.D. Cal.) (J. Freeman). After the complaint was dismissed on preemption grounds, Mr. Sloss and SGT obtained a landmark decision from a three-judge panel from the United States Court of Appeals for the Ninth Circuit establishing that the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501–06, does not preempt consistent, independent state laws, paving the way for millions of American children and their parents to seek redress for online privacy violations which also violate COPPA and were previously thought preempted. *Jones v. Google LLC*, 56 F.4th 735, 738 (9th Cir. 2022) (*Pet. for Reh'g en banc pending*).

Prior to joining SGT, Mr. Sloss was an attorney at Lowey Dannenberg, P.C. a New York-based antitrust, commodities, and data privacy litigation firm where he successfully litigated on behalf of debt and derivatives investors alleging the manipulation of bonds and interest rate derivatives via illegal price-fixing agreements in violation of the United States antitrust laws.

14

Ian Sloss and Silver Golub & Teitell LLP are well-qualified to serve as Interim Co-Lead

Class Counsel in this matter. Additional information regarding Mr. Sloss and Silver Golub &

Teitell is detailed in the Silver Golub & Teitell LLP firm resume, attached as **Exhibit 2**.

### 3.  Mr. Pizzirusso is Qualified to Serve as Interim Co-Lead Class Counsel

Mr. Pizzirusso is chair of Hausfeld's Data Breach and Consumer Protection practice

groups, and a nationally renowned data breach and cybersecurity lawyer. Chambers and Partners

ranks the leading lawyers and law firms across the world. In 2022, it ranked Mr. Pizzirusso (for

the second year in a row) as one of only eleven attorneys in the country in "Privacy and Data

Security: Litigation" (one of only two plaintiffs' attorneys to achieve this distinction).  Chambers

described Mr. Pizzirusso as:

> [A] highly experienced litigator, noted for his successful track
> record acting for plaintiffs in high-stakes cybersecurity and privacy
> law class actions. "He is a thoughtful and strategic advocate who
> generates exceptional work product and results." "He is one of the
> leading plaintiffs' side class action litigators in the USA."

Hausfeld is also the only Plaintiffs' firm in the country to receive a Band 1 ranking by

Chambers in the category of Privacy & Data Security: Litigation, Nationwide. Law360 recognized

Hausfeld as having a "2021 Practice Group of the Year" in Cybersecurity & Privacy.  Additionally,

in 2021, Mr. Pizzirusso was personally named as one of Law360's "Cybersecurity & Privacy

MVPs" (the only plaintiffs' attorney to receive that distinction). In 2020, the National Law Journal

recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy

matters.  Similarly, in 2017 the National Law Journal named him a "Cybersecurity Trailblazer,"

one of only two plaintiffs' lawyers in the country to achieve that distinction.  SuperLawyers has

recognized Mr. Pizzirusso as a "Top Rated Class Action & Mass Torts Attorney" in Washington,

DC since 2016 and Lawdragon has named him as one of 500 Leading Plaintiff Consumer Lawyers in the country since 2019.

In addition to public accolades, Mr. Pizzirusso has also worked across the bar with other cybersecurity lawyers representing defendants to advance the law on these issues. He currently recently wrapped up a three-year term on the Steering Committee of Sedona's Working Group 11 on Data Security and Privacy Liability, serving as a dialogue leader at WG11's annual meetings and having overseen two published Sedona papers. He has also spoken at dozens of conferences on these issues with defense counsel peers.

Given his vast familiarity with data breach class actions, numerous federal courts have appointed Mr. Pizzirusso to leadership positions in these types of cases, including in large MDLs, and he has successfully overseen and collaborated with hundreds of lawyers working under him. Most recently, in *In re T-Mobile Data Security Breach Litigation*, 4:21-md-03019-BCW (W.D. Mo.), one of the largest data breaches in history impacting approximately 75 million customers, Judge Wimes appointed Mr. Pizzirusso to serve as one of three co-lead counsel. There, he helped secure a record setting $500 million settlement on behalf of the class including a cash fund of $350 million and an increased security spend of $150 million. This was the second largest data breach settlement ever behind only *Equifax* (a case where Mr. Pizzirusso also served in the leadership).

Courts have also appointed Mr. Pizzirusso to leadership in numerous other data breach cases, many of which he has successfully resolved, including: *In re: Marriott International Inc., Customer Data Security Breach Litig*., MDL No. 19-md-2879 (D. Md.) (Co-Lead) (class certified, currently pending);  *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litig*., No. 19-md-2904 (D.N.J.) (Steering Committee) (currently pending); *In re Equifax, Inc. Customer Data Security Breach Litig.*, 1:17-md-2800-TWT (N.D. Ga.) (Plaintiffs' Steering

Committee and Settlement Committee) ($500 million settlement to consumers with $1 billion in upgraded data security); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-md-2633-SI (D. Or.) (Executive Leadership Committee) ($74 million settlement); *In re: Arby's Rest. Group, Inc. Data Security Litig.*, Civil No. 1:17-cv-514-AT (N.D. Ga.) (Co-Lead) (~$5 million settlement); In re Target Corporation Customer Data Security Breach Litig., MDL No. 14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions, nationwide class certification granted, $60 million settlement approved); *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, No. 1:15-cv-02228 (N.D. Ill.) (One of three Co-Leads) (~$18.5 million settlement); *First Choice Federal Credit Union v. Wendy's*, Case No. 2:16-cv-00506 (W.D. Pa.) (Plaintiffs' Executive Committee) ($50 million settlement); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, No. 14-md-02583 (N.D. Ga.) (Chair of the Plaintiffs' Steering Committee) (~$35 million settlement).  Aside from data breach cases, courts have also entrusted Mr. Pizzirusso with leadership positions in dozens of other types of matters.

James Pizzirusso and Hausfeld LLP are well-qualified to serve as Interim Co-Lead Class Counsel in this matter. Additional information regarding Mr. Pizzirusso and Hausfeld LLP is detailed in the Hausfeld LLP firm resume, attached as **Exhibit 3**.

### 4.  Mr. Gudmundson is Qualified to Serve as Interim Co-Lead Class Counsel

Brian C. Gudmundson is a partner with Zimmerman Reed LLP in Minneapolis. Zimmerman Reed is a nationally recognized class action law firm, which has led and served in leadership roles in some of the most ground-breaking data breach cases, having served in leadership in actions arising from the Target Data Breach, Equifax Data Breach, Home Depot Data Breach, Wendy's Data Breach, and other recent data breach cases involving T-Mobile, Sonic, ParkMobile, and Netgain, among many others.

Mr. Gudmundson has led and litigated numerous MDL and consolidated actions. He is serving as currently co-lead counsel representing consumer victims in data breach actions *Anderson v. Fortra LLC*, Case No. 23-cv-533 (SRN/DTS) (D. Minn.); *In re: Netgain Tech., LLC Consumer Data Breach Litig.*, 21-cv-1210 (SRN/LIB) (D. Minn.) and *Higgs, et al. v. Oakbend Medical Center*, 4:22-cv-03740 (S.D. Tex.), and on behalf of financial institutions in the recently settled *In re: Sonic Corp. Customer Data Security Breach Litig.*, 17-md-02807 (N.D. Ohio). Mr. Gudmundson also served as co-lead counsel in the settled Arby's data breach litigation on behalf of financial institutions, *In re: Arby's Rest. Grp., Inc., Data Sec. Litig.*, 17-cv-00514, (N.D. Ga.), and on the steering committees on behalf of financial institutions in the settled actions, *In re: Equifax Inc. Customer Data Security Breach Litig.*, MDL 2800 (N.D. Ga.), *First Choice Fed. Credit Union v. The Wendy's Co.*, 16-cv-00506 (W.D. Pa.), and *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, MDL 2583 (N.D. Ga.), among several others. Prior to these, he was one of the lead litigators in the landmark Target data breach case, *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 14-2522 PAM/JJK (D. Minn.) in which his partner, the late Charles S. ("Bucky") Zimmerman, was appointed lead counsel for the financial institution track. The Sonic and Target actions are two of the only data breach actions to ever obtain a certified liability class. Mr. Gudmundson also served on the steering committee for the breach of privacy action, *In re: Vizio, Inc., Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.).

Outside the data breach and privacy context, Mr. Gudmundson currently serves as co-lead counsel on behalf of consumers in the consolidated action *Patlan, et al. v. BMW of North America, LLC*, 18-cv-09546 (D.N.J.), alleging damages related to fire risk caused by defective BMW vehicles. Recently, Mr. Gudmundson led plaintiffs' counsel on behalf of consumers in the settled MDL action *In re: CenturyLink Sales Practices and Sec. Litig.*, MDL 2795 (D. Minn.). He also

served as Co-lead counsel in the settled arbitration action *GLS Companies, et al. v. Minnesota Timberwolves Basketball LP*, No. 27-cv-16-2816 (Minn. Dist. Ct.), challenging implementation of the Timberwolves' paperless ticketing system and restrictions on transfer of game tickets.

Mr. Gudmundson takes considerable pride in litigating collegially and building cohesive teams capable of matching the resources and efforts of defendants to obtain excellent results for plaintiffs. Upon presenting the plaintiffs' motion for final approval of the settlement in the *CenturyLink* MDL, the Hon. Michael J. Davis of the United States District Court for the District of Minnesota commented:

> Here, you know, I have a smile on my face because I'm towards the end of my career and it validates why I love the law, is that we do have outstanding lawyers that are pressing for justice and they're -- on both sides, because we need equal representation on both sides and we had that. The plaintiffs put together a team of lawyers that could match the defense team, and the defense team put together a team that could -- had to deal with all the litigation that was going on across the country dealing with CenturyLink. And I can tell you that in all the hearings that I've had and all the briefings that I've had on this case there was nothing said by any of the parties that was out of line. It was all professional. And I think -- I don't know what happened in the mediation or otherwise. I'm sure there was some more heated discussions, and that's necessary, but before me I did not have to get involved in slapping any hands or finding anyone in contempt or -- and I've done that before in these large litigations.

Additional information regarding Mr. Gudmundson and Zimmerman Reed LLP is detailed in the Zimmerman Reed LLP firm resume, attached as **Exhibit 4.**

### C. Proposed Interim Co-Lead Counsel are Committee to Representing and Advancing the Interests of the Class

Not only do Turke & Strauss LLP, Silver Golub & Teitell LLP, Hausfeld LLP, and Zimmerman Reed LLP have the resources to effectively prosecute this case, but they are committed to using these resources to do so. Proposed Interim Co-Lead Class Counsel are dedicated to pursuing the best interests of the proposed Class in an efficient manner, and fully

understand the investment of time and resources necessary to pursue this action to a successful resolution. Indeed, all firms have made and will continue to make the required investment here.

### D. Proposed Interim Co-Lead Class Counsel's Responsibilities

Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, Proposed Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative Class and will have the following specific responsibilities:

    a. To determine and present to the Court and opposing parties the position of Plaintiffs and putative Class Members on all matters arising during pretrial proceedings;

    b. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class Members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

    c. To conduct settlement negotiations on behalf of Plaintiffs and putative Class Members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative Class Members;

    d. To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

    e. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    f. To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

    g.   To maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel;

    h.   To monitor the activities of any other law firms that might seek to represent putative Class Members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

    i.   To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Class or authorized by further order of this Court.

**III.     Proposed Scheduling Order**

For efficiency purposes, Plaintiffs propose the following schedule for upcoming schedule:

1.     Plaintiffs shall file a consolidated amended complaint within thirty (30) days from the Court's approval of the Unopposed Motion to Consolidate; and

2.     Defendants shall have thirty (30) days from filing of the consolidated amended complaint to file an Answer or Motion to Dismiss, Plaintiffs shall have thirty (30) days thereafter to file their opposition to a Motion to Dismiss, and Defendants shall have twenty-one (21) days thereafter to file a reply in support.

**CONCLUSION**

The Related Cases arise out of common facts and advance common legal theories. Consolidation would support the efficient use of the Court's time and that of the parties and would permit a well-organized and efficient presentation of the case for the putative Class. Likewise, appointing well-qualified and experienced firms like Turke & Strauss LLP, Silver Golub & Teitell LLP, Hausfeld LLP, and Zimmerman Reed, LLP, and specifically, partners from each of these firms, Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson to serve as Interim Co-Lead

21

Class Counsel would be in the best interest of the putative Class and would allow the case to proceed in an efficient and unified manner.

Plaintiffs respectfully request that the Related Actions be consolidated for all purposes and that any subsequently filed or transferred related action be consolidated as well, and that Ms. Borrelli, Mr. Sloss, Mr. Pizzirusso, and Mr. Gudmundson be appointed to serve as Interim Co-Lead Class Counsel.

Dated: June 2, 2023                              Respectfully Submitted,

By: /s/_____
Kelly Fitzpatrick, Esq. (CT Bar #29764)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Avenue
Bridgeport, CT 06640
Phone: (203) 336-4421
Fax:    (203) 368-3244
Email: kfitzpatrick@koskoff.com

Raina Borrelli
raina@turkestrauss.com
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
T: (608) 237-1775
F: (608) 509-4423
*Attorneys for Plaintiffs Frederick F. Whelan,*
*Jr., Madeline Whelan*

Ian W. Sloss
Johnathan Seredynski
SILVER GOLUB & TEITELL LLP
One Landmark Square, Floor 15
Stamford, Connecticut 06901
Telephone: (203) 325-4491
Fax: (203) 325-3769
isloss@sgtlaw.com
jseredynski @sgtlaw.com

James J. Pizzirusso
jpizzirusso@hausfeld.com
Amanda Boltax
mboltax@hausfeld.com
HAUSFELD LLP
888 16th Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 540-7200

Steven M. Nathan
snathan@hausfeld.com
HAUSFELD LLP
33 Whitehall St., 14th Floor
New York, New York 10004
Telephone: (646) 357-1100
*Attorneys for Plaintiffs Justin Friar, Paul Courey, Rayna Fedorczyk, Maria Melo, and Perry Baker*

Brian C. Gudmundson
ZIMMERMAN REED LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

Christopher D. Jennings
THE JOHNSON FIRM
610 President Clinton Ave., Suite 300
Little Rock, AR 72201
Tel: (501) 372-1300
chris@yourattorney.com
*Attorneys for Plaintiffs Bruce Sypniewski, and Cecili Sypniewski*